IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| DARYL UPSHAW, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>NATIONWIDE MUTUAL INSURANCE COMPANY,<br><br>Defendant, | Case No.: 2:17-cv-1073<br><br>**CLASS ACTION**<br><br>**DEMAND FOR JURY TRIAL** |

## CLASS ACTION COMPLAINT

Plaintiff, Daryl Upshaw ("Plaintiff Upshaw"), individually and on behalf of all others similarly situated, alleges on personal knowledge, investigation of his counsel, and on information and belief as follows:

## NATURE OF ACTION

1. This case involves a scheme by Nationwide Mutual Insurance Company ("Nationwide") (and by and through its agents) to market its services through use of automated calls and/or pre-recorded messages in plain violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq*. (hereinafter referred to as the "TCPA").

2. As described more fully below, Nationwide has violated the TCPA by making calls to Plaintiff Upshaw and Class Members on their cellular telephones using an "automatic telephone dialing system" and/or an "artificial or prerecorded voice" as described in 47 U.S.C. §

227(b)(1), without Mr. Upshaw's and Class Members' prior express consent within the meaning of the TCPA.

3. Plaintiff brings this action for statutory damages and injunctive relief under the TCPA, all arising from the illegal actions of Nationwide, who commissioned these campaigns in which pre-recorded and/or automatically dialed messages were used to solicit insurance customers, and benefitted from those campaigns in the form of potential new Nationwide policies to be written.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction pursuant to the Class Action Fairness Act of 2005 ("hereinafter referred to as CAFA"), codified as 28 U.S.C. § 1332(d)(2). The matter in controversy exceeds $5,000,000, in the aggregate, exclusive of interest and costs, as each member of the proposed Class of thousands is entitled to up to $1,500.00 in statutory damages for each violation of the TCPA. Further, Plaintiff alleges a national class, which will result in at least one Class member from a different state.

5. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 and 47 U.S.C. § 227 *et seq*.

6. This Court has personal jurisdiction over Nationwide because the conduct at issue in the case occurred, among other locations, in the State of Ohio, the company is licensed to conduct business in the State of Ohio, and the company is headquartered in the State of Ohio. As such, it has established minimum contacts showing that it has purposefully availed itself of the resources and protection of the State of Ohio.

7. Venue is proper in the United States District Court for the Southern District of Ohio because Nationwide is deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced, and because Nationwide's contacts with this District are sufficient to subject it to personal jurisdiction.

## PARTIES

8. Plaintiff Daryl Upshaw is, and at all times mentioned herein was, an individual citizen of the State of Ohio, who resides in Columbus, Ohio.

9. Defendant Nationwide is the parent company of a series of interrelated insurance and financial services companies. Nationwide is an Ohio corporation with corporate headquarters in Columbus, Ohio.

## THE TELEPHONE CONSUMER PROTECTION ACT OF 1991 (TCPA), 47 U.S.C. § 227

10. In 1991, Congress enacted the TCPA[1] in response to a growing number of consumer complaints regarding certain telemarketing practices.

11. The TCPA regulates, among other things, the use of automatic telephone dialing equipment, or "autodialers."

12. Specifically, the plain language of section 227(b)(1)(A)(iii) of the TCPA prohibits the use of autodialers to make any call to a wireless number in the absence of an emergency or the prior express consent of the called party.

---

[1] Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, 105 Stat. 2394 (1991), codified at 47 U.S.C. § 227 (TCPA). The TCPA amended Title II of the Communications Act of 1934, 47 U.S.C. § 201 *et seq.*

13. According to findings by the FCC, the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient.

14. The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used.[2]

15. On January 4, 2008, the FCC released a Declaratory Ruling wherein it confirmed that autodialed and prerecorded message calls to a wireless number are permitted only if the calls are made with the "prior express consent" of the called party.[3]

## FACTUAL ALLEGATIONS

16. Plaintiff Upshaw is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

17. Within the relevant statutory period, Mr. Upshaw has received at least four telemarketing calls from or on behalf of Defendant Nationwide to his cellular telephone number, 256-929-8434.

    a. August 21, 2016 at 11:00 a.m. from 800-421-3535

    b. October 20, 2016 at 3:33 p.m. from 888-490-1549

    c. October 20, 2016 at 8:27 p.m. from 888-490-1549

    d. October 27, 2016 at 2:50 p.m. from 888-490-1549

---

[2] *In re Rules and Regulations Implementing the TCPA*, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014, 14115 (¶ 165) (2003).

[3] *In re Rules and Regulations Implementing the TCPA*, CG Docket No. 02-278, Declaratory Ruling, 23 FCC Rcd 559, 564-65 (¶ 10) (2008) ("2008 FCC Declaratory Ruling").

18. On information and belief, the calls Mr. Upshaw received were made using an automatic telephone dialing system with the capacity to store or produce telephone numbers and dial those numbers at random, in sequential order, or from a database or list of numbers.

19. Mr. Upshaw was harmed by these calls because they were unwelcome intrusions on his privacy, annoying, and wasted his time, and because they occupied his telephone line from legitimate communications.

## NATIONWIDE'S LIABILITY

20. Nationwide is, and at all times mentioned herein was, a "person," as defined by 47 U.S.C. § 153(39).

21. For the calls to Plaintiff Upshaw, Nationwide used an autodialer and/or pre-recorded messages from its own office, or hired a company that engages in the use of an autodialer and/or pre-recorded messages on Nationwide's behalf.

22. Nationwide is directly liable for the calls to Plaintiff Upshaw, and those similarly situated class members because it actively participated in every aspect of the autodialed and/or pre-recorded telemarketing calls.

## CLASS ACTION ALLEGATIONS

23. Plaintiff incorporates by reference all other paragraphs of this Complaint as if fully stated herein.

24. Plaintiff brings this action individually and on behalf of all other persons similarly situated (hereinafter referred to as "the Class") pursuant to Federal Rule of Civil Procedure 23.

25. Plaintiff proposes the following Class definition, subject to amendment as appropriate:

> All persons in the United States who received a prerecorded and/or automated telemarketing call, without prior express written consent, from or on behalf of Nationwide, regarding any line of Nationwide's business other than auto or homeowners' insurance.

Collectively, all these persons will be referred to as "Class Members."

26. Excluded from the Class is Defendant, and any entities in which Defendant has a controlling interest, Defendant's agents and employees, any Judge to whom this action is assigned, and any member of such Judge's staff and immediate family, and claims for personal injury, wrongful death and/or emotional distress.

27. Plaintiff does not know the exact number of Class Members, but Plaintiff reasonably believes Class Members number, at minimum, in the thousands.

28. Plaintiff and all Class Members have been harmed by the acts of the Defendant, including, but not limited to, the invasion of their privacy, annoyance, waste of time, the deletion of their cell phone battery, and the intrusion on their cellular telephone that occupied it from receiving legitimate communications.

29. This Class Action Complaint seeks injunctive relief and money damages.

30. The joinder of all Class Members is impracticable due to the size and relatively modest value of each individual claim.

31. Additionally, the disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits.

32. Class Members can be identified through records maintained by Nationwide, its telemarketing agents, and/or telephone carriers.

33. There are well defined, nearly identical, questions of law and fact affecting all parties.

34. The questions of law and fact, referred to above, involving the class claims predominate over questions which may affect individual Class Members.

35. Such common questions of law and fact include, but are not limited to, the following:

   a. Whether the Defendant used an automatic telephone dialing system or an artificial or prerecorded voice in its non-emergency calls to Class Members' telephones to promote its goods or services.

   b. Whether the Defendant can meet its burden of showing it obtained prior express consent (*i.e.*, written consent that is clearly and unmistakably stated), to make such calls;

   c. Whether the Defendant's conduct was knowing and/or willful;

   d. Whether the Defendant is liable for statutory damages; and

   e. Whether the Defendant should be enjoined from engaging in such conduct in the future.

36. Further, Plaintiff will fairly and adequately represent and protect the interests of the Class.

37. Plaintiff has no interests which are antagonistic to any member of the Class.

38. Plaintiff has retained counsel experienced in handling class action claims involving violations of federal consumer protection statutes, including claims under the TCPA.

39. A class action is the superior method for the fair and efficient adjudication of this controversy.

## CAUSES OF ACTION

### FIRST COUNT

### STATUTORY VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 *ET SEQ.*

40. Plaintiff incorporates by reference the foregoing paragraphs of this Complaint as if fully set forth herein.

41. The foregoing acts and omissions of the Defendant constitute numerous and multiple violations of the TCPA, including but not limited to each of the above cited provisions of 47 U.S.C. § 227 *et seq.*

42. As a result of the Defendant's violations of 47 U.S.C. § 227 *et seq.*, Plaintiff and Class members are entitled to an award of $500 in statutory damages for each and every violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(B).

43. Plaintiff and Class Members are also entitled to and do seek injunctive relief prohibiting the Defendant's violation of the TCPA in the future.

### SECOND COUNT

### KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 *ET SEQ.*

44. Plaintiff incorporates by reference all other paragraphs of this Complaint as if fully stated herein.

45. The foregoing acts and omissions of the Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each of the above-cited provisions of 47 U.S.C. § 227 *et seq.*

46. As a result of the Defendant's knowing and/or willful violations of 47 U.S.C. § 227 *et seq.*, Plaintiff and each Class Member is entitled to treble damages of up to $1,500 for each and every violation of the statute, pursuant to 47 U.S.C. § 227(b)(3).

47. Plaintiff and all Class Members are also entitled to and do seek injunctive relief prohibiting such conduct violating the TCPA by the Defendant in the future.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court grant Plaintiff and all Class Members the following relief against the Defendant:

A. Injunctive relief prohibiting such violations of the TCPA by the Defendant in the future;

B. As a result of the Defendant's willful and/or knowing violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for himself and each Class Member treble damages, as provided by statute, of up to $1,500 for each and every violation of the TCPA;

C. As a result of Defendant's statutory violations of 47 U.S.C. § 227(b)(1), Plaintiff seek for himself and each Class Member $500 in statutory damages for each and every violation of the TCPA;

E. An award of attorneys' fees and costs to counsel for Plaintiff and the Class as permitted by law;

F. An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing an appropriate Class the Court deems appropriate, finding that Plaintiff is a proper representative of the Class, and appointing the lawyers and law firms representing Plaintiff as counsel for the Class;

G. Such other relief as the Court deems just and proper.

Dated: November 17, 2017

By: /s/ Matthew R. Wilson
    Matthew R. Wilson

MEYER WILSON CO., LPA
Matthew R. Wilson (Ohio Bar Number 0072925)
Email: mwilson@meyerwilson.com
Michael J. Boyle, Jr. (Ohio Bar Number 0091162 )
Email: mboyle@meyerwilson.com
1320 Dublin Road, Ste. 100
Columbus, Ohio 43215
Telephone: (614) 224-6000
Facsimile: (614) 224-6066


LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
Jonathan D. Selbin (*pro hac vice* to be filed)
Email: jselbin@lchb.com
250 Hudson Street, 8th Floor
New York, NY 10013
Telephone: (212) 355-9500
Facsimile: (212) 355-9592

LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
Daniel M. Hutchinson (*pro hac vice* to be filed)
Email: dhutchinson@lchb.com
275 Battery Street, 29th Floor
San Francisco, California 94111-3339
Telephone: (415) 956-1000
Facsimile: (415) 956-1008

BURKE LAW OFFICES, LLC
Alexander H. Burke (*pro hac vice* to be filed)
Email: aburke@burkelawllc.com
Daniel J. Marovitch (*pro hac vice* to be filed)
Email: dmarovitch@burkelawllc.com
155 N. Michigan Avenue, Suite 9020
Chicago, IL 60601
Telephone: (312) 729-5288
Facsimile: (312) 729-5289


Edward A. Broderick (*pro hac vice* to be filed)
ted@broderick-law.com
Anthony Paronich (*pro hac vice* to be filed)
anthony@broderick-law.com
Broderick & Paronich, P.C.
125 Summer St., Suite 1030
Boston, MA 02360
Telephone: (508) 221-1510

Matthew McCue (*pro hac vice* to be filed)
Email: mmccue@massattorneys.net
Law Office Of Matthew McCue
1 South Ave, Suite 3
Natick, MA 01760
Telephone: (508) 655-1415


*Attorneys for Plaintiff and the Proposed Class*

## DEMAND FOR JURY TRIAL

Plaintiffs demand a trial by jury on all counts so triable.

Dated: November 17, 2017

By: s/ *Matthew R. Wilson*

MEYER WILSON CO., LPA
Matthew R. Wilson (Ohio Bar No. 0072925)
Email: mwilson@meyerwilson.com
Michael J. Boyle, Jr. (Ohio Bar No. 0091162)
Email: mboyle@meyerwilson.com
1320 Dublin Road, Ste. 100
Columbus, Ohio 43215
Telephone: (614) 224-6000
Facsimile: (614) 224-6066


*Attorneys for Plaintiff and the Proposed Class*