# IN THE UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| FRANCIS WOODROW, individually and on behalf of all others similarly situated, | : | Case No. 2:17-cv-01013 |
| Plaintiffs, | : | Chief Judge Edmund A. Sargus |
| v. | : | Magistrate Judge Chelsey M. Vascura |
| NATIONWIDE BANK, | : | |
| Defendant. | : | |

## AGREED PROTECTIVE ORDER

This matter having come before the Court by agreement of the undersigned parties that a protective order intended to limit the review, copying, dissemination and filing of confidential documents and information produced by any party, or produced by or obtained from any non-party, in the course of discovery should be entered; the parties, by, between and among their respective counsel having agreed to the terms set forth herein and good cause having been shown; it is hereby ORDERED, ADJUDGED and DECREED that:

1. This Agreed Protective Order is being entered to facilitate the production, exchange and discovery of documents, materials and information produced in response to any discovery request in this action or Court Order, or obtained from non-parties, including but not limited to, documents and other materials and information obtained through document requests, interrogatories, requests to admit or subpoena or in response to any Court Order, as well as any affidavit and deposition testimony, or transcript thereof, given in this action or documents or other materials marked as exhibits at any deposition, which the Designating Party believes in

good faith merits confidential treatment (hereinafter collectively the "Document," "Documents," or "Testimony").

2. As used herein, "Confidential Information" subject to this Protective Order shall include all Documents and Testimony, and the information or materials contained therein, if such Documents and Testimony contain: (a) proprietary business information and/or other confidential research, development, or commercial information; (b) information required to be kept confidential or protected pursuant to the Gramm-Leach-Bliley Act, any rules or regulations promulgated thereunder including 16 C.F.R. Part 314, and any applicable state law equivalents; (c) competitively sensitive information, including, without limitation, information that reveals trade secrets; (d) customer data, including, without limitation, nonpublic personal information as defined in 16 CFR 313.3(n) about a customer; (e) personal identifying information and/or non-public information regarding individuals, employees, customers, clients, and other persons and/or non-parties including, without limitation, social security numbers, telephone numbers, account numbers, or other personal financial information (collectively referred to as "personal identifying information" or "PII"); or (f) medical information concerning any individual.

3. As used herein, "Attorneys' Eyes Only Information" includes highly competitive sensitive information, trade secrets, proprietary business information, PII, or other information the disclosure of which to any person not authorized by this Agreed Protective Order, in the good faith judgment of the party designating the material as "Attorneys' Eyes Only Information," would result in significant competitive injury to the Designating Party's business or operations.

4. Any Producing Party or Designating Party (if not the same) may designate a Document or Documents as Confidential Information for protection under this Order by placing or affixing the words "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER," or

something similar, on the Document and all copies in a manner that will not interfere with the legibility of the Document. As used in this Order, "copies" includes all electronic images, duplicates, extracts, summaries or descriptions that contain the Confidential Information. Any Producing Party or Designating Party (if not the same) may designate a Document or Documents as Attorneys' Eyes Only Information for protection under this Order by placing or affixing the words "ATTORNEYS' EYES ONLY INFORMATION – SUBJECT TO PROTECTIVE ORDER," or something similar, on the Document and all copies in a manner that will not interfere with the legibility of the Document. In the case of Confidential Information or Attorneys' Eyes Only Information disclosed in a non-paper medium (e.g., videotape, audiotape, computer disks, etc.), the appropriate designation shall be affixed on the outside of the medium or its container so as to clearly give notice of the designation.

5. Unless all parties agree on the record at the time the deposition testimony is taken, all deposition testimony taken in this case shall be treated as Confidential Information until the expiration of the following: No later than the thirtieth day after the official transcript is delivered to any party or the witness, a party may serve a Notice of Designation to all parties of record as to specific portions of the testimony that are designated Confidential Information and/or Attorneys' Eyes Only Information, and thereafter only those portions identified in the Notice of Designation shall be protected by the terms of this Order. Additionally, a party may designate a Document, or Documents, or Testimony as Attorneys' Eyes Only Information by stating on the record of a deposition that the Document or Testimony constitutes Attorneys' Eyes Only Information. If a Designating Party has advised the court reporter that Confidential Information or Attorneys' Eyes Only Information has been disclosed during the deposition, the court reporter

shall include on the cover page the following indication: "Deposition Contains Confidential or Attorneys' Eyes Only Information Subject to Protective Order."

6. As used herein, "Producing Party" shall mean the parties to this action and any non-parties (and their respective counsel) producing Confidential Information or Attorneys' Eyes Only Information in connection with depositions, discovery requests, subpoenas or otherwise.

7. "Designating Party" shall mean any party designating Documents or Testimony, or any information or materials contained therein, as Confidential Information or Attorneys' Eyes Only Information, regardless of who produced the Documents or Testimony.

8. "Receiving Party" shall mean the parties to this action and any non-parties (and their respective counsel) receiving Confidential Information or Attorneys' Eyes Only Information in connection with depositions, discovery requests, subpoenas or otherwise.

9. A Receiving Party may designate portions of Documents or Testimony as Confidential Information or Attorneys' Eyes Only Information, and request that any Confidential Information or Attorneys' Eyes Only Information contained within the Documents or Testimony be redacted, within 30 days of the receipt of the Documents or Testimony, if the Producing Party has not already done so.

10. A party may object to the designation of any Document or Testimony (or any portion thereof) as Confidential Information or Attorneys' Eyes Only Information by giving written notice to both the Producing Party and any Designating Party (if not the same). The written notice shall identity the Document or Testimony (or portion thereof) to which the objection is made. The parties shall, within fourteen (14) days of service of the written objection, confer concerning the objection. If the objection is not resolved, it shall be the obligation of the party objecting to the designation of the Document or Testimony (or portion thereof) as

Confidential Information or Attorneys' Eyes Only Information to file, no later than fourteen (14) days after the parties' meet and confer, an appropriate motion requesting that the Court determine whether the disputed Document or Testimony (or portion thereof) should be subject to the terms of this Protective Order. In response to any such motion, the Producing Party or Designating Party shall bear the burden of establishing the confidentiality of any disputed material designated as Confidential Information or Attorneys' Eyes Only Information. The disputed designated Documents or Testimony shall continue to be treated consistently with their initial designation unless and until the Court rules otherwise.

11. Except with the prior written consent of both the Producing Party and any Designating Party (if not the same) or by Order of the Court, Confidential Information shall not be furnished, shown or disclosed to any person or entity except to:

(a) the named parties and their personnel actually engaged in assisting in the preparation of this action for trial or other proceeding herein, provided such persons have been advised of their obligations hereunder;

(b) counsel for the parties to this action and their associated attorneys, paralegals and other professional personnel (including support staff or third-party document support vendors or database/coding services) who are directly assisting such counsel in the preparation of this action for trial or other proceeding herein, are under the supervision or control of such counsel, and have been advised by such counsel of their obligations hereunder;

(c) any expert retained for consulting or testifying purposes, as well as all assistants, stenographic, and clerical employees working under the supervision of such experts in connection with this action, provided such persons have executed the

attached Agreement to Respect Confidential Information and Attorneys' Eyes Only Information (Exhibit A hereto);

(d) The Court and its personnel, subject to the restrictions of Paragraph 20;

(e) Court reporters, videographers, and their clerical personnel in connection with work on this action, provided such persons have executed the attached Agreement to Respect Confidential Information and Attorneys' Eyes Only Information (Exhibit A hereto);

(f) deponents, witnesses, or potential witnesses, provided such persons have executed the attached Agreement to Respect Confidential Information and Attorneys' Eyes Only Information (Exhibit A hereto);

(g) any mediator and the mediator's personnel (including support staff) who are directly assisting the mediator in connection with this action, provided, however, the mediator and the mediator's personnel shall execute the Agreement to Respect Confidential Information and Attorneys' Eyes Only Information (Exhibit A hereto); and

(h) any other person authorized to have access by Order of the Court, or by written agreement of the Producing Party and any Designating Party (if not the same).

12. Except with the prior written consent of both the Producing Party and any Designating Party (if not the same) or by Order of the Court, Attorneys' Eyes Only Information shall not be furnished, shown or disclosed to any person or entity except to:

(a) counsel (not including in-house counsel) for the parties to this action and their associated attorneys, paralegals and other professional personnel (including support staff or third-party document support vendors) who are directly assisting such counsel in the preparation

of this action for trial or other proceeding herein, are under the supervision or control of such counsel, and who have been advised by such counsel of their obligations hereunder;

        (b)       the Court and its personnel, subject to the restriction of Paragraph 20;

        (c)       subject to the limitations of Paragraph 16, any expert retained for consulting or testifying purposes, as well as all assistants, stenographic, and clerical employees working under the supervision of such experts, provided such persons have executed the attached Agreement to Respect Confidential Information and Attorneys' Eyes Only Information (Exhibit A hereto);

        (d)       Court reporters, videographers, and their clerical personnel in connection with work on this action, provided such persons have executed the attached Agreement to Respect Confidential Information and Attorneys' Eyes Only Information (Exhibit A hereto);

        (e)       any deponent may be shown or examined on any information, document or thing designated Attorneys' Eyes Only Information if it appears that the deponent authored or received a copy of it, was involved in the subject matter described therein or is employed by the party who produced the information, provided such person has executed the attached Agreement to Respect Confidential Information and Attorneys' Eyes Only Information (Exhibit A hereto); and

        (f)       any other person agreed to in writing by the Producing Party and any Designating Party (if not the same).

        13.       If a person to whom the disclosure of Confidential Information or Attorneys' Eyes Only Information is contemplated hereunder fails to or refuses to sign the Agreement to Respect Confidential Information and Attorneys' Eyes Only Information (Exhibit A hereto), the parties shall work cooperatively to obtain a prompt hearing before the Court to resolve any issues of confidentiality, so that the ultimate resolution of the case cannot be delayed.

14. Confidential Information and Attorneys' Eyes Only Information shall be utilized by the Receiving Party and any other party receiving Confidential Information or Attorneys' Eyes Only Information only for purposes of the above-captioned litigation, including appeals, and for no other purposes, including, but not limited to, for purposes of other business interests or other litigation.

15. Should the need arise for any of the parties to disclose Confidential Information or Attorneys' Eyes Only Information during any hearing or trial before the Court, including through argument or the presentation of evidence, the parties shall confer and attempt to agree beforehand on the procedures under which Confidential Information or Attorneys' Eyes Only Information may be introduced into evidence or otherwise used at such hearing or trial. Upon reaching agreement, the parties shall give notice of the terms of such agreement to each non-party who has produced Confidential Information or Attorneys' Eyes Only Information which may be used or introduced at such hearing or trial, as well as the Court. Absent agreement, the Court shall be asked to issue an order governing the use of such Confidential Information or Attorneys' Eyes Only Information at any hearing or trial upon reasonable notice to all parties and non-parties who have produced such information.

16. Before any disclosure of Attorneys' Eyes Only Information is made to an expert witness or consultant pursuant to Paragraph 12(c), the Receiving Party must first identify in writing the expert to whom it intends to give or disclose such Attorneys' Eyes Only Information to the attorneys for the Producing Party and any Designating Party (if not the same), who shall have ten (10) days from receipt of such notice to object to disclosure to any of the experts so identified, setting forth in writing the reason for the objection. Such identification shall include, at least: (1) the full name and professional address and/or affiliation of the proposed expert; and

(2) a current curriculum vitae identifying, at least, all other present employments or consultancies of the expert and employments or consultancies for the previous four (4) years. The parties shall attempt to resolve any objections informally. If the objections cannot be resolved, it shall be the obligation of the party objecting to the disclosure of Attorneys' Eyes Only Information to file, no later than fourteen (14) days after the parties' meet and confer, an appropriate motion seeking an appropriate Protective Order. The party objecting to the disclosure shall bear the burden of proving that the disclosure is inappropriate.

17. Counsel shall maintain the originals of the forms signed by persons acknowledging their obligations under this Order for a period of three years after the termination of the case.

18. Nothing herein shall be deemed in any way to restrict the use of Documents or Testimony which are publicly available to a party independent of discovery in this litigation, whether or not the same material has been obtained during the course of discovery in this litigation and whether or not such Documents or Testimony have been designated as Confidential Information or Attorneys' Eyes Only Information.

19. Nothing herein shall be deemed to limit or prohibit a Designating Party's use of its own information, even if that information has been designated as Confidential Information or Attorneys' Eyes Only Information, and such use shall not be deemed to waive the designation of any material as Confidential Information or Attorneys' Eyes Only Information.

20. Subject to Paragraph 20(a), no unredacted Confidential Information and/or Attorneys' Eyes Only Information shall be filed in the public record of this action, unless the Producing Party or any Designating Party (if not the same) has agreed to withdraw the Confidential Information or Attorneys' Eyes Only Information designation, the Court has ruled

that the information or material is not Confidential Information, or the Court otherwise directs for good cause. Nothing prohibits any party from filing in the public record of this action a copy of a Document or Testimony where the Confidential Information and/or Attorneys' Eyes Only Information has been redacted.

(a) Pursuant to Local Rule 5.2.1(a), any party seeking to file with the Court Documents or Testimony designated as unredacted Confidential Information and/or Attorneys' Eyes Only Information, or any materials disclosing the contents of such Documents or Testimony, must first obtain leave of Court. Upon obtaining leave of Court, litigants must file the documents electronically using the ECF system as provided in Local Rule 5.1. Nothing in this Order shall prohibit a party from filing appropriately redacted copies of information publicly with the Court. Nothing prohibits any party from filing in the public record of this action a copy of a Document or Testimony where the Confidential Information and/or Attorneys' Eyes Only Information has been redacted.

(b) A copy of any Document filed under seal may also be delivered to the judicial officer's chambers in a securely sealed envelope (or other securely sealed container) on which shall be endorsed the caption of the litigation, a descriptive title of the document, the date of the filing, and the words "DOCUMENTS UNDER SEAL" or the equivalent as a conspicuous indication of the nature of the documents.

21. Any person receiving Confidential Information or Attorneys' Eyes Only Information shall not reveal or discuss such information to, or with, any person not entitled to receive such information under the terms hereof and shall protect such information against inadvertent disclosure to any person not permitted to view such materials under the terms of this Order, including without limitation, keeping paper documents and electronic media under lock

and key and keeping electronic files in a system that provides appropriate security against unauthorized access.

22. Any Document or Testimony that has been inadvertently not designated as Confidential Information or Attorneys' Eyes Only Information as provided in this Agreed Protective Order, or is produced by a non-party without identification as Confidential Information or Attorneys' Eyes Only Information but that a party determines should be designated as Confidential Information or Attorneys' Eyes Only Information, may be so designated by written notice to all other parties' counsel identifying the Document or Testimony as Confidential Information or Attorneys' Eyes Only Information within a reasonable time following the discovery that the Document or Testimony has been produced without such designation.

23. Pursuant to Civil Rule 26(b)(5)(B) and Federal Rule of Evidence 502, the inadvertent production of any Document or Testimony during discovery in this action shall be without prejudice to any claim that such material is protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or ground for withholding production, and no party shall be held to have waived any rights by such inadvertent production. Upon written notice of such an inadvertent production, the Receiving Party shall make no further use of the Document or information until further order of the Court.

24. Nothing in this Agreed Protective Order shall operate to require the production of Documents or Testimony that are subject to a good faith assertion of attorney-client privilege, the attorney work product doctrine, or other privilege or protection from disclosure.

25. Extracts, summaries, compilations, notes, copies, electronic images or databases of Confidential Information or Attorneys' Eyes Only Information shall also be treated in accordance with the provisions of this Agreed Protective Order.

26. Except on privilege grounds, no party may withhold information from discovery on the ground that it requires protection greater than that afforded by this Order unless the party moves for an order providing such special protection after the parties have made a reasonable effort to resolve the issue. However, the production or disclosure of Confidential Information or Attorneys' Eyes Only Information shall in no way constitute a waiver of any party's right to object to the production or disclosure of information in this action or in any other action, including, but not limited to, objecting to production on the basis of relevance, burdensomeness, presence of trade secrets, presence of personal identifying information, presence of ulterior motives and/or improper purpose by the party requesting the materials, and/or the existence of contractual or other legal requirements to protect confidentiality of certain requested information.

27. If counsel for any party receives notice of any subpoena or other compulsory process commanding production of Confidential Information or Attorneys' Eyes Only Information that a party has obtained under the terms of this Agreed Protective Order, counsel for such party (a) shall notify the Producing Party and any Designating Party (if not the same) in writing at least five days prior to the compliance due date (if there are fewer than ten days to comply) or at least seven days prior to the due date (if there are more than ten days to comply); (b) shall cooperate to the extent necessary to permit the Producing Party or any Designating Party (if not the same) to seek to quash such process or discovery request; and (c) shall not produce the Confidential Information or Attorneys' Eyes Only Information until the Producing Party and any Designating Party (if not the same) has had reasonable time to take appropriate

steps to protect the material, and, where steps are taken to obtain relief from the subpoena or order, to obtain a final ruling thereon. The party from whom such information is sought shall in any event not make the disclosure before the actual due date of compliance set forth in the subpoena or order or any extended date for compliance.

28. Absent prior written consent of both parties and affected non-parties, this Agreed Protective Order shall continue to be binding after the conclusion of this litigation except (a) that there shall be no restriction on Documents or Testimony that are used as exhibits in Court (unless such exhibits were filed or used under seal); and (b) that a party may seek the written permission of the Producing Party and any Designating Party (if not the same) or further order of the Court with respect to dissolution or modification of any portion of the Agreed Protective Order.

29. Nothing herein shall be deemed an admission as to the relevance or admissibility in evidence of any facts, Documents, Testimony or other materials revealed in the course of disclosure.

30. Nothing herein shall be deemed to prejudice in any way a party's ability to present a motion to the Court for a separate protective order, including, but not limited to, a motion seeking restrictions different from those specified herein, nor shall it prejudice any party's ability to present a motion that the confidentiality of information protected under this order should be lifted.

31. Nothing herein shall constitute a waiver of any party's claims or defenses.

32. Within sixty (60) days after the final termination of this and all other litigation between the parties hereto by settlement or exhaustion of all appeals, all Confidential Information and Attorneys' Eyes Only Information produced or designated and all reproductions thereof, shall be returned to the Producing Party and any Designating Party (if not the same) or

shall be destroyed. In the event that any party chooses to destroy Documents or Testimony containing Confidential Information or Attorneys' Eyes Only Information, such party shall certify in writing within sixty (60) days of the final termination of this litigation that it has undertaken its best efforts to destroy such Documents or Testimony containing Confidential Information or Attorneys' Eyes Only Information and that such Documents or Testimony containing Confidential Information or Attorneys' Eyes Only Information have been destroyed to the best of its knowledge. Notwithstanding anything to the contrary, counsel of record for the parties may retain one copy of Documents constituting work product, a copy of pleadings, motion papers, discovery responses, deposition transcripts and deposition and trial exhibits. This Agreed Protective Order shall not be interpreted in a manner that would violate any applicable canons of ethics or applicable codes of professional responsibility.

33. This Agreed Protective Order is entered into without prejudice to the right of any party to seek relief from, or modification of, this Agreed Protective Order or any provisions thereof by properly noticed motion to the Court. This Agreed Protective Order may be changed by further order of this Court.

34. If Confidential Information or Attorneys' Eyes Only Information produced to a Receiving Party is disclosed or comes into the possession of any person other than in a manner authorized in this Agreed Protective Order ("Unauthorized Disclosure"), the Receiving Party shall immediately inform the Producing Party and the Designating Party (if not the same) of all pertinent facts relating to the Unauthorized Disclosure and the nature and extent of the Confidential Information or Attorneys' Eyes Only Information involved. The Receiving Party shall take all necessary and appropriate actions to retrieve physically or otherwise control all Confidential Information or Attorneys' Eyes Only Information that was part of the Unauthorized

Disclosure and to prevent any further disclosure. The Receiving Party also shall cooperate fully with all actions that the Producing Party and/or the Designating Party (if not the same) reasonably believes may be necessary and appropriate to further respond to the Unauthorized Disclosure.

35. The Court's entry of this Agreed Protective Order shall mean that production of any Confidential or Attorneys' Eyes Only Information in this action pursuant to this Agreed Protective Order shall satisfy and shall constitute compliance with the Producing Party's and/or Designating Party's obligations under the Gramm-Leach-Bliley Act, including any rules or regulations promulgated thereunder, and any applicable state law equivalents, and the disclosure of any Confidential or Attorneys' Eyes Only Information in this action pursuant to this Agreed Protective Order shall constitute disclosure pursuant to 15 U.S.C. § 6802(e)(8) and 16 C.F.R. 313.15(a)(7).

**SIGNED AND ENTERED** this __22__ day of __May_____, 2018.

/s/ Chelsey M. Vascura
UNITED STATES MAGISTRATE JUDGE
CHELSEY M. VASCURA

**Approved By:**

Dated: May 21, 2018

/s/ Michael H. Carpenter
Michael H. Carpenter (0015733)
  *Trial Attorney*
Michael N. Beekhuizen (0065722)
Amber L. Merl (0080655)
Carpenter Lipps & Leland LLP
280 Plaza, Suite 1300
280 North High Street
Columbus, Ohio 43215
Tel: (614) 365-4100
Fax: (614) 365-9145
carpenter@carpenterlipps.com
beekhuizen@carpenterlipps.com

merl@carpenterlipps.com

*Attorneys for Defendant Nationwide Bank*

Dated: May 21, 2018

<u>/s/ Matthew R. Wilson (per email auth., 5/18/18, ALM)</u>
Matthew R. Wilson (0072925)
Michael J. Boyle, Jr. (0091162)
MEYER WILSON CO., LPA
1320 Dublin Road, Ste. 100
Columbus, Ohio 43215
Telephone: (614) 224-6000
Facsimile: (614) 224-6066
E-mail: mwilson@meyerwilson.com
mboyle@meyerwilson.com

*Attorneys for Plaintiff Woodrow and the proposed class*

EXHIBIT "A"

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| FRANCIS WOODROW, individually and on behalf of all others similarly situated, | : : | Case No. 2:17-cv-01013 |
| Plaintiffs, | : : | Chief Judge Edmund A. Sargus |
| v. | : : | Magistrate Judge Chelsey M. Vascura |
| NATIONWIDE BANK, | : : | |
| Defendant. | : | |

## AGREEMENT TO RESPECT CONFIDENTIAL INFORMATION AND ATTORNEYS' EYES ONLY INFORMATION

I, _____, state that:

1. My address is _____.

2. My present employer is _____.

3. My present occupation or job description is _____
_____.

4. I have received a copy of the Agreed Protective Order (the "Agreed Protective Order") entered in the above-entitled action on _____.

5. I have carefully read and understand the provisions of the Agreed Protective Order.

6. I will comply with all of the provisions of the Agreed Protective Order.

7. I will hold in confidence, will not disclose to anyone not qualified under the Agreed Protective Order, and will use only for purposes of this action, any Confidential Information or Attorneys' Eyes Only Information that is disclosed to me.

8. I will return all Confidential Information or Attorneys' Eyes Only Information that comes

into my possession, and Documents or things that I have prepared relating thereto, to counsel for the party by whom I am employed or retained, or to counsel from whom I received the Confidential Information or Attorneys' Eyes Only Information.

9. I hereby submit to the jurisdiction of this court for the purpose of enforcement of the Agreed Protective Order in this action.


Dated:_____ _____
                                                                     Signature

                                                    _____
                                                    Printed name, and if applicable, title

# CERTIFICATE OF SERVICE

This is to certify that a true and accurate copy of the foregoing Agreed Protective Order was filed through the ECF system this 20th day of May, 2018, and will be sent via the ECF system to registered participants, including the following:

>Matthew R. Wilson
>Michael Joseph Boyle, Jr.
>Meyer Wilson Co., LPA
>Suite 100
>1320 Dublin Road
>Columbus, OH 43215
>mwilson@meyerwilson.com
>mboyle@meyerwilson.com


>Anthony Paronich (*pro hac vice*)
>Broderick & Paronich, P.C.
>99 High Street, Ste. 304
>Boston, Massachusetts 02110
>Telephone: (508) 221-1510.
>Facsimile: (617) 830-0327
>Email: anthony@broderick-law.com


>*Counsel for Plaintiff Woodrow*


>>/s/ Michael H. Carpenter
>>*One of the Attorneys for Defendant*
>>*Nationwide Bank*